STATE *EX REL.* BRYSON v. DANIEL, COUNTY SUPT. EDUC.

1. MANDAMUS.—A COUNTY SUPERINTENDENT OF EDUCATION will not be required by mandamus to approve a teacher's pay certificate, when the county treasurer has no funds in hand to pay it with.

2. IBID.—IBID.—PUBLIC SCHOOL TRUSTEES.—WHEN A COUNTY BOARD OF EDUCATION has ordered the trustees of one school district to run more than one school in such district, their relief is by appeal to the state board of education, and not by mandamus to require the county superintendent of education to approve the certificates issued to the teacher of the one school for services rendered after such order.

Petition within the original jurisdiction of this Court by W. M. Bryson, for mandamus, *v.* L. T. H. Daniel, as county superintendent of education for Laurens County.

*Messrs. F. P. McGowan* and *Johnson & Richey,* for petitioner.

*Mr. N. B. Dial,* contra.

March 30, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE.    This is a proceeding in the original
jurisdiction of this Court, wherein a mandamus is prayed
for to compel the defendant, as county superintendent of
education for Laurens County, in this State, to approve three
warrants for $50 each, issued to the petitioner by the trus-
tees of school district No. 6, in Dial's Township, in Laurens
County, as a teacher of a public school in said township
(which is a school district).    When the return to the rule,
issued out of this Court, directed to said defendant, requiring
him to show cause why the writ of mandamus should not
go, was made, and the reply of petitioner thereto traversed
some of the facts therein, an order was made by us, dated
8th June, 1897, directing John F. Bolt, Esq., as clerk of the
court of common pleas of said county, to take the testimony
and report the same to this Court with all convenient speed.
Such testimony for both sides to the controversy was taken
and reported to this Court.

At the hearing before us, the petitioner contended that
under the law, while the defendant, as such county superin-
tendent of education, was required to approve all warrants
or teachers' pay certificates issued by the trustees of school
districts within his county, yet that such act on his part was
purely ministerial; for by law the trustees of school district
No. 6, which was a corporation, were required to maintain
a control over said schools in their district; determine what
school or schools were necessary; make contracts with the
teacher or teachers thereof; were liable to sue and be sued;
prepare and issue pay certificates for such teacher or teach-
ers; and that the trustees for school district No. 6 had de-
termined that but one school was necessary for the whites
in their district, had elected the petitioner teacher of such
school at a salary of $50 per month, and he had accepted
such office, and that the contract so entered into was within
the funds provided by law to run such school in Dial Town-
ship for the scholastic year beginning in the year 1896 and
ending in the year 1897.    On the other hand, the defendant
contended that while it was true, under the law, that the

trustees of school district No. 6 were given the powers enumerated by them, that yet, under the same law, such powers were to be exercised by them under the subordination of the county board of education, which said county board had determined early in the month of January, in the year 1897, before any of these three pay certificates were issued, that more than one school was necessary in school district No. 6, in Dial Township, and that this defendant had notified such trustees of school district No. 6 of the result of the action of said county board of education; and that as these three pay certificates were issued to the petitioner in flagrant disregard of the action of the county board of education for Laurens County, he had withheld his approval of such pay certificates issued to the petitioner, because such school, so presided over by the petitioner as its teacher, had, before these pay certificates were issued, received its full *pro rata* share of the public funds in the hands of the treasurer for Laurens County for said school district No. 6; and in addition thereto that a petition had been presented to the county board of education, signed by a large number of the taxpayers and patrons of the schools in said township, praying that such county board of education would order more than one school in said township, or school district, for the white children thereof, and that the public funds should be *pro rated* among said teachers. That thereupon, in January, 1897, a rule was issued by the county board of education, directed to said trustees of school district No. 6, requiring them to show cause why there should not be other schools allowed. Such trustees appeared in the month of February and made answer to the rule; a trial was had of the controversy, and the county board of education ordered more schools, and that the funds be *pro rated.* That no appeal was taken from such decision. That thereupon the defendant apportioned all the funds in the hands of the county treasurer to the credit of the school fund for school district No. 6, except the sum of $21.18, to such schools in said school district, before this proceeding was instituted.

We have examined the case carefully, and must deny the writ; 1st. Because it appears that there are no funds in the hands of the county treasurer applicable to any further orders for money to be paid teachers in No. 6 school district, of Laurens County.

2d. Because, if such funds were in the hands of such county treasurer, the petitioner, by his showing, under the law, is not entitled to have the writ of mandamus to force the approval of these three pay certificates, each for $50, by the defendant, as county superintendent of education; for, while under subdivision 2 of section 44 of the act of 1896 (see 22 Stat. at Large, 167), the board of trustees are empowered to employ teachers and fix their salaries, this power must be exercised "subject to the supervision of the county board of education;" when, therefore, the contract in question was made by the three trustees of school district No. 6, with the petitioner, there was incorporated into such contract, a provision that such contract was subject to the supervision of the county board of education for Laurens County. Also, in section 37, of the same act, it is provided that while the trustees of school districts shall take the management and control of the local educational interests of the same, they "shall be subject to the supervision and orders of the county board of education." We are impressed, in reading this act of the General Assembly, that the legislature has thus formulated in one consistent whole, rules and regulations intended for the government of the public school system of the State, beginning with the State superintendent of education, then the State board of education, then the county superintendent of education, then the county boards of education, then trustees of school districts, then trustees of special graded schools, county auditors, county treasurers, State treasurer, comptroller general, &c. By its terms, as before stated, trustees of school districts are under the supervision and control of county boards of education, while county boards of education are under the supervision of State boards of education.

Hence, when the trustees of school district No. 6 were brought before the county board by the petition of citizens of such school district, and such county board decided against their plan to have only one school in their school district, such trustees, if dissatisfied with the ruling of the county board, should within thirty days have appealed to the State board of education; but having failed to do this, the county superintendent was bound to obey the orders of the county board. These, briefly stated, are our views.

It is the judgment of this Court, that the prayer of the petitioner for the writ of mandamus be denied, and that the petition be dismissed.

MR. JUSTICE GARY, *concurring.* For the reasons set forth in the opinion in the case of the *State ex rel. Williams* v. *Hiers*, as superintendent of education, &c., recently filed, I concur in the conclusion announced in the opinion herein.

MR. JUSTICE JONES concurs in the result.